# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>KEVIN SATHRE<br><br>    Defendant. | Case No. 3:20-cr-00043-SLG |

## ORDER REGARDING MOTIONS IN LIMINE AND MOTION FOR *DAUBERT* HEARING

Before the Court are two motions seeking pretrial evidentiary rulings. At Docket 197 are the government's Motions in Limine. Defendant Kevin Sathre responded in opposition at Docket 209. At Docket 211 is Mr. Sathre's Motion for *Daubert* Hearing. The government responded in partial opposition at Docket 213.

The government seeks an order admitting three categories of evidence: First, the government seeks to introduce expert testimony from a Drug Enforcement Agency forensic chemist. Second, the government seeks to introduce testimony of a Bureau of Alcohol, Tobacco, and Firearms agent regarding drug trafficking and specific terminology and jargon used in drug trafficking. Third, the government seeks to introduce "other act" evidence,

specifically evidence of other occasions where Mr. Sathre is alleged to have sold controlled substances.

I.  **DEA forensic chemist expert witness testimony**

The government seeks to introduce expert testimony to prove that the substance involved in this case was methamphetamine. The government has filed the curriculum vitae and laboratory report of DEA forensic chemist Suk Fullbright.[1] Mr. Sathre responds that he "requests the opportunity to voir dire the DEA chemist on her qualifications and opinions prior to the Court ruling on the admissibility of her testimony and reports."[2] In his motion for a *Daubert* hearing, Mr. Sathre requests a hearing to address the reliability of the methods used by Ms. Fullbright.[3]

The Court addressed Mr. Sathre's request for a hearing at a status conference on March 24, 2022. For the reasons discussed on the record at the status conference, the Court will allow the defense to briefly voir dire Ms. Fullbright

---

[1] Docket 197-1; Docket 197-2.

[2] Docket 209 at 5.

[3] Docket 211 at 2.

Case No. 3:20-cr-00043-SLG, *United States v. Sathre*
Order Re Motions in Limine and Motion for *Daubert* Hearing
Page 2 of 9
Case 3:20-cr-00043-SLG-MMS   Document 221   Filed 03/25/22   Page 2 of 9

outside the presence of the jury after trial has begun but before Ms. Fullbright testifies.[4]

## II. ATF agent testimony

The government seeks to introduce testimony from ATF Agent Thomas King. The government asserts that Agent King will testify as an expert "based on his familiarity with drug trafficking in Anchorage, Alaska," and that he will explain certain "slang and code words [used] when referring to drug transactions."[5] Mr. Sathre responds that Agent King should not be permitted to testify as an expert as to all of the proposed topics, because the topics do not all "require an expert to assist the jury in understanding. These all would appear to be common knowledge."[6] Mr. Sathre also asserts that "the Government has not established that Agent King's methodology or experience is reliable as applied to his particular opinions in this case."[7] In his motion for a *Daubert* hearing, Mr. Sathre requested a hearing to address the reliability of the methods used by Agent King.[8]

The Court addressed Mr. Sathre's request for a hearing at a status conference on March 24, 2022. For the reasons discussed on the record at the

---

[4] *See* Docket 220 (minute entry of status conference).

[5] Docket 197 at 6.

[6] Docket 209 at 6

[7] Docket 209 at 7.

[8] Docket 211 at 2.

Case No. 3:20-cr-00043-SLG, *United States v. Sathre*
Order Re Motions in Limine and Motion for *Daubert* Hearing
Page 3 of 9
Case 3:20-cr-00043-SLG-MMS   Document 221   Filed 03/25/22   Page 3 of 9

status conference, the Court will allow the defense to conduct a *Daubert* inquiry prior to trial as to Agent King's proposed expert testimony.[9] A separate scheduling order for that hearing will be issued in due course.

## III. Other acts evidence

The government seeks to introduce evidence of other occasions when Mr. Sathre allegedly sold methamphetamine. One set of acts occurred prior to the charged conduct, and one other act occurred subsequent to the charged conduct.

Rule 404(b) prohibits the use of "[e]vidence of any other crime, wrong, or act" to prove a person's character to "show that on a particular occasion the person acted in accordance with the character" but allows evidence to prove, *inter alia*, intent, knowledge, motive, and absence of mistake.[10] "Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) [in cases where knowledge or intent are at issue,] the act is similar to the offense charged."[11] If evidence of prior acts is inextricably intertwined with the charged conduct, it is admissible irrespective of Rule 404(b).[12]

---

[9] *See* Docket 220 (minute entry of status conference).

[10] Fed. R. Evid. 404(b) (as amended 2020, effective Dec. 1, 2020).

[11] *United States v. Cox*, 963 F.3d 915, 924 (9th Cir. 2020) (quoting *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012)).

[12] *United States v. Lague*, 971 F.3d 1032, 1038, n.5 (9th Cir. 2020) (citing *United States v. Beckman*, 298 F.3d 788, 793 (9th Cir. 2002)).

Case No. 3:20-cr-00043-SLG, *United States v. Sathre*
Order Re Motions in Limine and Motion for *Daubert* Hearing
Page 4 of 9
Case 3:20-cr-00043-SLG-MMS   Document 221   Filed 03/25/22   Page 4 of 9

The inextricably intertwined exception "applies when (1) particular acts of the defendant are part of a single criminal transaction, or when (2) the "other act" evidence is necessary for the government to offer a coherent story of the crime."[13]

### A. Prior drug transactions

The government seeks to "introduce evidence regarding Defendant's prior drug trafficking activities with co-defendant Schultz."[14] Specifically, the government seeks only to elicit testimony from co-defendant Schultz and will not introduce extrinsic evidence regarding the prior drug transactions.[15] The government contends that Schultz's testimony "establishes the relationship between Schultz and the Defendant, the reason for him to trust her brokering a controlled substance transaction, his knowledge about narcotics and narcotics transactions with her, his lack of mistake in engaging in such action, as well as the general circumstances of the charged conduct."[16] The government maintains that this evidence is inextricably intertwined with the charged conduct, but that alternatively it is admissible pursuant to Rule 404(b).

Mr. Sathre responds that the government did not adequately specify what prior drug transactions he allegedly participated in with co-defendant Schultz and

---

[13] *Id.* (citing *Beckman*, 298 F.3d at 794).

[14] Docket 197 at 9.

[15] Docket 197 at 12.

[16] Docket 197 at 11.

Case No. 3:20-cr-00043-SLG, *United States v. Sathre*
Order Re Motions in Limine and Motion for *Daubert* Hearing
Page 5 of 9
Case 3:20-cr-00043-SLG-MMS   Document 221   Filed 03/25/22   Page 5 of 9

that the evidence should be excluded pursuant to Rule 403 because it is more prejudicial than probative and will confuse the jury.

The government has not shown that the prior drug transactions between the two Defendants are inextricably intertwined with the charged conduct because there has been no showing that the acts are part of a single criminal transaction, and at least on the current record, the government has not shown that the prior drug transaction evidence is necessary for the government to offer a coherent story of the charged crime. However, the proposed testimony about the prior drug transactions meets the requirements of Rule 404(b). The evidence tends to prove a material point, specifically the drug-based relationship between Mr. Sathre and co-defendant Schultz. The prior acts are not too remote in time because they occurred a few months prior to the charged conduct. The evidence is sufficient to support a finding that Mr. Sathre committed the other act because the uncorroborated statement of a single witness can be sufficient to admit Rule 404(b) evidence.[17] To the extent the government seeks to introduce the prior act testimony to show Mr. Sathre's knowledge or intent, the prior acts are sufficiently similar to the charged conduct. The Court also finds that the probative value of the proposed prior act testimony is not substantially outweighed by a danger of

---

[17] *United States v. Dhingra*, 371 F.3d 557, 566 (9th Cir. 2004) ("the testimony of a single witness, as present in this case, satisfies the low-threshold test of sufficient evidence for the purposes of Rule 404(b)").

Case No. 3:20-cr-00043-SLG, *United States v. Sathre*
Order Re Motions in Limine and Motion for *Daubert* Hearing
Page 6 of 9
Case 3:20-cr-00043-SLG-MMS   Document 221   Filed 03/25/22   Page 6 of 9

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or presenting unnecessary cumulative evidence.[18]

If the government introduces testimony regarding these prior drug transactions, the parties may propose a limiting instruction to be given to the jury.

### B. Subsequent drug transaction

The government seeks to introduce Rule 404(b) evidence that Mr. Sathre was involved in another drug transaction approximately one month after the charged conduct. The government maintains that this evidence proves a material point, is very close in time to the charged conduct, is sufficient to prove the act occurred, and is similar to the charged conduct.[19] The government asserts that Mr. Sathre's "participation in a transaction involving methamphetamine and heroin one month later demonstrates his familiarity with controlled substances. It decreases the likelihood that he was in any way an unwitting pawn or made a mistake in the November 19, 2018 transaction for which he is charged."[20] Mr. Sathre responds that evidence of the subsequent drug transaction is not

---

[18] Fed. R. Evid. 403.

[19] Docket 197 at 15–16.

[20] Docket 197 at 15.

Case No. 3:20-cr-00043-SLG, *United States v. Sathre*
Order Re Motions in Limine and Motion for *Daubert* Hearing
Page 7 of 9
Case 3:20-cr-00043-SLG-MMS   Document 221   Filed 03/25/22   Page 7 of 9

admissible because there is insufficient evidence that he was selling drugs and the transaction is not sufficiently similar to the charged conduct.[21]

The Court finds that this proposed evidence does not meet the requirements of Rule 404(b) and Rule 403. The Court acknowledges that the proposed evidence is not too remote in time, is sufficient to support a finding that the defendant committed the other act, and has some similarity to the charged conduct. However, the evidence has minimal probative value as to a material point. The incident occurred one month after the charged conduct—its probative value relates to Mr. Sathre's knowledge of controlled substances and lack of mistake at the time of that event, not one month prior. Moreover, the Court is allowing the government to introduce testimony from co-defendant Schultz about multiple prior drug transactions that involved Mr. Sathre so that the government can show identity, knowledge, and lack of mistake, such that value of this cumulative is of lesser import. Finally, the subsequent drug transaction is the basis of state criminal charges pending against Mr. Sathre. Allowing the government to introduce this evidence puts Mr. Sathre in a position of having to either defend those allegations in a different forum, and with different defense counsel, or to allow the evidence to

---

[21] Docket 209 at 10.

Case No. 3:20-cr-00043-SLG, *United States v. Sathre*
Order Re Motions in Limine and Motion for *Daubert* Hearing
Page 8 of 9
Case 3:20-cr-00043-SLG-MMS   Document 221   Filed 03/25/22   Page 8 of 9

go unchallenged.  The Court will not permit the government to present evidence that may result in a trial within a trial in these circumstances.

On balance, the Court finds that the minimal probative value of the subsequent drug transaction evidence is substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and presenting unnecessary cumulative evidence.[22]

## CONCLUSION

In light of the foregoing, the government's motion in limine at Docket 197 is GRANTED IN PART and DENIED IN PART as discussed herein.  Defendant's motion for a *Daubert* hearing at Docket 211 is GRANTED as discussed herein.

IT IS SO ORDERED.

DATED this 25th day of March, 2022, at Anchorage, Alaska.

*/s/ Sharon L Gleason*
UNITED STATES DISTRICT JUDGE

---

[22] Fed. R. Evid. 403.

Case No. 3:20-cr-00043-SLG, *United States v. Sathre*
Order Re Motions in Limine and Motion for *Daubert* Hearing
Page 9 of 9
Case 3:20-cr-00043-SLG-MMS   Document 221   Filed 03/25/22   Page 9 of 9